1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

|  |  |
|---|---|
| ZELLA MAYE FREEMAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO; R. GARRISON<br>(F.P.D. Badge No. 78); MARK A<br>YEE (F.P.D. Badge No. 692);<br>J. CAPRIOLA (F.S.O. Badge No.<br>7622); I. BARRIMOND (F.S.O.<br>Badge No. 1153); J. HOLLINS<br>(F.S.O. Badge No. 2346); R.<br>PEREZ (F.S.O. Badge No. 6169);<br>A. SIMONSON (F.S.O. Badge No.<br>9364), inclusive,<br><br>                    Defendants. | 1:05-cv-00328  OWW SMS<br><br>MEMORANDUM DECISION AND<br>ORDER RE DEFENDANTS'<br>MOTIONS TO DISMISS PURSUANT<br>TO FED. R. CIV. P. 12(b)(6)<br>AND/OR, IN THE ALTERNATIVE,<br>FOR A MORE DEFINITE<br>STATEMENT (FED. R. Civ. P.<br>12(e). |

8
9
10
11
12
13
14
15
16
17
18
19

20

## I.   INTRODUCTION

21
22

Defendants City of Fresno ("City"), R. Garrison ("Officer

23

Garrison"), and Mark A. Yee ("Officer Yee") move to dismiss

24

Zella Maye Freeman's ("Plaintiff") complaint for failure to state

25

a claim pursuant to Fed. R. Civ. P. 12(b)(6), and in the

26

alternative, for a more definite statement pursuant to Fed. R.

27

Civ. P. 12(e).  (Doc. 13, City Defs.' Mem.).  Defendants J.

28

Capriola, I. Barrimond, J. Hollins, R. Perez, and A. Simonson

1

(collectively, "County Defendants" or "County Officers"), move to dismiss Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6) and for a more definite statement pursuant to Fed. R. Civ. P. 12(e) as to Plaintiff's claim under Cal. Civ. Code § 43. (Doc. 14, County Defs.' Mem.). Plaintiff opposes the motions. (Doc. 17, Pl.'s Opp. to City; Doc. 18, Pl.'s Opp. to County).

## II.   **PROCEDURAL HISTORY**

This case arises out of an alleged incident that occurred on February 19, 2004, at the residence of Plaintiff, who is a seventy-five-year-old African-American woman. (Doc. 1, Compl. ¶ 3). Plaintiff alleges that police officers belonging to a Multi-Agency Gang Enforcement Consortium ("M.A.G.E.C.") unit used excessive force in entering and searching her home. Plaintiff alleges she was injured by the officers, and that they violated her constitutional rights because of her race and gender. (*See id.*, Ex. A at "Attachment A"). Plaintiff filed her Complaint on March 8, 2005, alleging the Defendant peace officers violated 42 U.S.C. § 1983 protecting her Fourth and Fourteenth Amendment rights against unreasonable search and seizure by state officials. Plaintiff also alleges various "state causes of action" that are grouped together in a single sentence, including violation of Cal. Civ. Code §§ 43 and 52.1, assault, battery, false imprisonment, trespass, and intentional infliction of emotional distress. (*Id.* at ¶ 26).

The City Defendants moved to dismiss all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) on March 30, 2005.

**2**

(Doc. 13, City's Mem. 4-14).   In the alternative, the City Defendants moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e).   (*Id.* at 14-5).   Plaintiff opposed.   (Doc. 17, Pl.'s Opp. to City).   The City Defendants replied.   (Doc. 19, City's Reply).

On April 4, 2005, the County Defendants moved to dismiss Plaintiff's state law claims only.   (Doc. 14, County's Mem. 2). The County Defendants also moved for a more definite statement as to Plaintiff's claim under Cal. Civ. Code §§ 43 and 52.1. Plaintiff opposed.   (Doc. 18, Pl.'s Opp. to County).   The County Defendants did not reply.

Oral argument was heard on May 9, 2005.   Wesley E. Stupar, Esq., of Nuttall & Coleman appeared on behalf of Plaintiff. Harvie Ruth Schreiber, Esq., appeared on behalf of the City Defendants.   James J. Arendt, Esq., of Weakley, Ratcliff, Arendt & McGuire, LLP, appeared on behalf of the County Defendants.

## III.   **STATEMENT OF FACTS**

Plaintiff alleges that on February 19, 2004, at around noon, City of Fresno and Fresno County peace officers, who were members of the M.A.G.E.C. unit, "demanded entry into [her] residence, threatening to shoot [her] if [she] did not open the door." (Doc. 1, Compl. Ex. A at "Attachment A").   Plaintiff was babysitting three children, all under five years of age, at the time.   Plaintiff alleges she suffered injuries, both physical and mental, as a result of the invasion.   Plaintiff alleges the course of events as follows:

**3**

9.   Defendant R. GARRISON, came to Plaintiff's front door demanded entry into Plaintiff's residence, and threatened to shoot Plaintiff if she did not open the door quickly enough.

10.   After moving the minor children away from the door, Plaintiff opened the door under great physical, emotional, and mental duress.

11.   Defendant R. GARRISON, and the named FSO Officers, then invaded Plaintiff's residence, with their weapons drawn, knocked Plaintiff onto the floor, and hurt Plaintiff.

12.   Plaintiff was concerned about the safety of the minor children in her care.

13.   Defendant R. GARRISON, in callous disregard of the injuries Plaintiff had sustained, ordered Plaintiff to quickly stand up, under threat of force.  Plaintiff was unable to stand up on her own.

14.   Defendant R. GARRISON, and the named FSO Officers, searched Plaintiff's residence, detained her under threat of force and seized Plaintiff's son's locked safe, as well as Plaintiff's registered .32 caliber handgun, which she lawfully owned.

15.   Defendant R. GARRISON, and the named FSO Officers, did not apologize to Plaintiff for committing said acts; rather, as they were leaving, Defendants sarcastically and cruelly told Plaintiff to, "Have a good day."

16.   As a proximate result of said acts, Defendants, and each of them, caused Plaintiff to suffer significant and residual pain and injury to her arms, legs, hips and pelvic area, and have aggravated Plaintiff's bad heart condition and high blood pressure.  Plaintiff was denied her constitutional, statutory and legal rights as stated below, and has suffered significant and residual general and special damages, including by [sic] not limited to, severe mental and emotional distress, severe concern as to her personal safety, false imprisonment, loss of liberty, trespass to Plaintiff's residence and possessions, fear, humiliation, embarrassment, discomfort, anxiety, medical and related expenses of approximately %5,800, and future medical and emotional distress in a sum according to proof.

(Doc. 1, Compl.).

In a statement by Plaintiff she attaches to the Complaint, Plaintiff further alleges the officers "trampled over [her] legs."  (Doc. 1, Compl. Ex. A at "Attachment A;" *see also* Compl.

**4**

¶¶ 9, 13).  Plaintiff asserts she believes the officers' actions "were performed...in purposeful discrimination against [her] age, physical ability, gender and race."  (*Id.*).

Plaintiff alleges that the officers obtained a search warrant, for which Officer Yee, a City Defendant, was the affiant, but that the search warrant lacked probable cause, was overbroad, and lacked particularity.  (*Id.* at ¶ 19).  Plaintiff alleges no facts that explains why the search warrant lacked probable cause or the circumstances surrounding the issuance of the warrant.

Plaintiff attaches an "Amended Claim for Damages," dated September 3, 2004 ("Government Tort Claim"), that she filed with the City of Fresno.  Attached to the Government Tort Claim is a statement by Plaintiff in support for her claim for damages ("Attachment A") and a "Follow-Up Report" that purportedly relates to the search warrant.  Among the defendants named in this lawsuit, the following are listed as "assisting personnel" on the Follow-Up Report:  City Defendant R. Garrison, and all County Defendants (i.e., J. Capriola, J. Barriond, J. Hollins, R. Perez, and A. Simonson).

## IV.   LEGAL STANDARDS

### A.   Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is

**5**

disfavored and rarely granted: "[a] complaint should not be
dismissed unless it appears beyond doubt that plaintiff can prove
no set of facts in support of his claim which would entitle him
to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980
(9th Cir. 2002) (citations omitted).  In deciding whether to
grant a motion to dismiss, the court "accept[s] all factual
allegations of the complaint as true and draw[s] all reasonable
inferences in favor of the nonmoving party." *TwoRivers v. Lewis*,
174 F.3d 987, 991 (9th Cir. 1999).

     "The court need not, however, accept as true allegations
that contradict matters properly subject to judicial notice or by
exhibit.  Nor is the court required to accept as true allegations
that are merely conclusory, unwarranted deductions of fact, or
unreasonable inferences." *Sprewell v. Golden State Warriors*,
266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).  For
example, matters of public record may be considered under Fed. R.
Evid. 201, including pleadings, orders and other papers filed
with the court or records of administrative bodies.  *See Lee v.
City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).
Conclusions of law, conclusory allegations, unreasonable
inferences, or unwarranted deductions of fact need not be
accepted.  *See Western Mining Council v. Watt*, 643 F.2d 618, 624
(9th Cir. 1981).


     **B.   Motion for a More Definite Statement Pursuant to Fed.
          R. Civ. P. 12(e).**

     A motion for a more definite statement pursuant to Fed. R.
Civ. P. 12(e) attacks the unintelligibility of the complaint, not

**6**

simply the mere lack of detail, and is only proper when a party
is unable to determine how to frame a response to the issues
raised by the complaint.  A court will deny the motion where the
complaint is specific enough to apprise the defendant of the
substance of the claim being asserted.  *Bureerong v. Uvawas*,
922 F. Supp. 1450, 1461 (C.D. Cal. 1996); *see also Famolare, Inc.
v. Edison Bros. Stores*, Inc., 525 F. Supp. 940, 949 (E.D. Cal.
1981) (finding a Rule 12(e) motion proper "only where the
complaint is so indefinite that the defendant cannot ascertain
the nature of the claim being asserted").  A motion for a more
definite statement is proper only where the complaint is "so
vague or ambiguous that the opposing party cannot respond, even
with a simple denial, in good faith or without prejudice to
himself."  *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D.
575, 578 (N.D. Cal. 1999) (internal quotations and citation
omitted); *see also Sagan v. Apple Computer Inc.*, 874 F. Supp.
1072, 1077 (C.D. Cal. 1994) (citing *Van Dyke Ford, Inc. v. Ford*,
399 F. Supp. 277, 284 (E.D. Wis. 1975)) ("A Rule 12(e) motion is
more likely to be granted where the complaint is so general that
ambiguity arises in determining the nature of the claim or the
parties against whom it is being made."); *Boxall v. Sequoia Union
High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)
(finding a motion for a more definite statement should not be
granted unless the defendant literally cannot frame a responsive
pleading).

"Rule 12(e) is designed to strike an unintelligibility
rather than want of detail....  A motion for a more definite
statement should not be used to test an opponent's case by

**7**

1   requiring him to allege certain facts or retreat from his

2   allegations." *Palm Springs Med. Clinic, Inc. v. Desert Hosp.*,

3   628 F. Supp. 454, 464-65 (C.D. Cal. 1986) (quoting *Juneau Square*

4   *Corp. v. First Wis. Nat'l Bank*, 60 F.R.D. 46, 48 (E. D. Wis.

5   1973)).  A Rule 12(e) motion "is likely to be denied where the

6   substance of the claim has been alleged, even though some of the

7   details are omitted." *Sagan*, 874 F. Supp. at 1077 (citing

8   *Boxall*, 464 F. Supp. at 1113-14).

9        This liberal standard of pleading is consistent with Fed. R.

10  Civ. P. 8(a)(2) which allows pleadings that contain a "short and

11  plain statement of the claim."  Both rules assume that the

12  parties will familiarize themselves with the claims and ultimate

13  facts through the discovery process.  *See Sagan*, 874 F. Supp. at

14  1077 ("Motions for a more definite statement are viewed with

15  disfavor and are rarely granted because of the minimal pleading

16  requirements of the Federal Rules.").  If the detail sought by a

17  motion for a more definite statement is obtainable through

18  discovery, the motion should be denied.  *See McHenry v. Renne*, 84

19  F.3d 1172, 1176 (9th Cir. 1996) (granting 12(e) motion where

20  complaint "does not provide defendants with a fair opportunity to

21  frame a responsive pleading"); *see also Sagan*, 874 F. Supp. at

22  1077 ("Parties are expected to use discovery, not the pleadings,

23  to learn the specifics of the claims being asserted."); *Beery v.*

24  *Hitachi Home Elec. (Amer.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal.

25  1993) (finding motion for a more definite statement should be

26  denied if the detail sought is obtainable through discovery);

27  *Federal Savings and Loan Ins. Corp. v. Musacchio*, 695 F. Supp.

28  1053, 1060 (N.D. Cal. 1988) (finding that if plaintiff's

**8**

complaint meets the notice requirements of Fed. R. Civ. P. 8, and
defendants are provided with a sufficient basis to respond, the
proper avenue for eliciting additional detail is through
discovery); *Famolare, Inc. v. Edison Brothers Stores, Inc.*,
525 F. Supp. 940, 949 (E.D. Cal. 1981) ("A motion for a more
definite statement should not be granted unless the defendant
cannot frame a responsive pleading."); *CMAX, Inc. v. Hall*,
290 F.2d 736, 738 (9th Cir. 1961).


   **C.   <u>Civil Rights Claim under 42 U.S.C. § 1983.</u>**

   "Section 1983 provides for liability against any person
acting under color of law who deprives another 'of any rights,
privileges, or immunities secured by the Constitution and laws'
of the United States."[1]  *S. Cal. Gas Co. v. City of Santa Ana*,
336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983).

--------------------

[1] Specifically, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress,
> except that in any action brought against a judicial
> officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be
> granted unless a declaratory decree was violated or
> declaratory relief was unavailable. For the purposes of
> this section, any Act of Congress applicable
> exclusively to the District of Columbia shall be
> considered to be a statute of the District of Columbia.

### 1. Suits Against Local Governments: The *Monell* Doctrine.

Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.[2]  *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978)).  "[T]he legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."  *Monell*, 436 U.S. at 690.  Local governments can be sued for monetary, declaratory, or injunctive relief where such suits arise out of unconstitutional actions that implement or execute a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers...."  *Id.* 690-1.  If no official policy exists, "customs and usages" may fulfill this element of a § 1983 claim against a local government.  *Id.*

A local government's liability is limited, however.  Although a local government can be held liable for its official policies or customs, it will not be held liable for an employee's actions outside of the scope of these policies or customs.  "A municipality cannot be held liable solely because it employs a

---

[2] "There is certainly no constitutional impediment to municipal liability. 'The Tenth Amendment's reservation of nondelegated powers to the States is not implicated by a federal-court judgment enforcing the express prohibitions of unlawful state conduct enacted by the Fourteenth Amendment.'" *Monell*, 436 U.S. 691 (quoting *Milliken v. Bradley*, 433 U.S. 267, 291 (1977)).  There is no "basis for concluding that the Eleventh Amendment is a bar to municipal liability."  *Id.* (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976); *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)).

tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694.

To prevail on a § 1983 complaint against a local government under *Monell*, a plaintiff must satisfy a three-part test:

(1)  The local government official(s) must have intentionally violated the plaintiff's constitutional rights;

(2)  The violation must be a part of policy or custom and may not be an isolated incident; and

(3)  A nexus must link the specific policy or custom to the plaintiff's injury.

*See Monell*, 436 U.S. at 690-92.

### 2.  Suits Against Governmental Officials

#### (a)  Official-Capacity Suits

"[Section] 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002) (citing *Ky. v. Graham*, 473 U.S. 159, 165-66 (1985)); *see also Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997)

**11**

1   (finding that "a suit against a state official in his official

2   capacity is no different from a suit against the [official's

3   office or the] State itself") (citing *Will v. Mich. Dep't of*

4   *State Police*, 491 U.S. 58, 70-71 (1989).  "As the Supreme Court

5   has stated, 'official-capacity suits...generally represent only

6   another way of pleading an action against an entity of which an

7   officer is an agent.'"  *Ruvalcaba v. City of Los Angeles*,

8   167 F.3d 514, 524 n.3 (9th Cir. 1999) (quoting *Graham*, 473 U.S.

9   at 165).  "'As long as the government entity receives notice and

10  an opportunity to respond, an official-capacity suit is, in all

11  respects other than name, to be treated as a suit against the

12  entity.'"  *Ruvalcaba*, 167 F.3d at 524 n.3 (quoting *Graham*,

13  473 U.S. at 166.).

14

15              **(b)   Personal-Capacity Suits**

16       "'Personal-capacity suits seek to impose personal liability

17  upon a government official for actions he takes under color of

18  state law.'"  *Dittman v. Cal.*, 191 F.3d 1020, 1027 (9th Cir.

19  1999) (quoting *Graham*, 473 U.S. at 165); *see also Hafer v. Melo*,

20  502 U.S. 21, 25 (1991) (finding that "[p]ersonal capacity suits

21  seek to impose liability on state officials for acts taken under

22  color of state law"); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th

23  Cir. 1995).  In setting forth the distinctions between personal

24  and official capacity suits, the Supreme Court said:

25            Personal-capacity suits seek to impose personal
          liability upon a government official for actions he
26            takes under color of state law.  *See, e.g.*, *Scheuer
          v. Rhodes*, 416 U.S. 232, 237-238 (1974).
27            Official-capacity suits, in contrast, "generally
          represent only another way of pleading an action
28            against an entity of which an officer is an agent."

> *Monell*[], 436 U.S. at 690, n. 55 [].  As long as the
> government entity receives notice and an opportunity
> to respond, an official-capacity suit is, in all
> respects other than name, to be treated as a suit
> against the entity.  *Brandon*, 469 U.S., at 471-472.
> It is not a suit against the official personally, for
> the real party in interest is the entity.  Thus,
> while an award of damages against an official in his
> personal capacity can be executed only against the
> official's personal assets, a plaintiff seeking to
> recover on a damages judgment in an official-capacity
> suit must look to the government entity itself.

*Graham*, 473 U.S. 159, 166 (1985).

"While the plaintiff in a personal-capacity suit need not

establish a connection to governmental 'policy or custom,'

officials sued in their personal capacities, unlike those sued in

their official capacities, may assert personal immunity defenses

such as objectively reasonable reliance on existing law."[3]  *Pena*

*v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) (quoting *Graham*,

473 U.S. at 166-167).  Individuals are not immune under the

doctrine of qualified immunity if they violated "clearly

---

[3] Immunity is not absolute, as the Ninth Circuit has
explained:

> This court has held that, when a public official acts
> in reliance on a duly enacted statute or ordinance,
> that official ordinarily is entitled to qualified
> immunity.  *See Grossman v. City of Portland*, 33 F.3d
> 1200, 1210 (9th Cir. 1994) (holding that "an officer
> who reasonably relies on the legislature's
> determination that a statute is constitutional should
> be shielded from personal liability").  The existence
> of an authorizing statute is not dispositive,
> however.  Qualified immunity does not extend to a
> public official who enforces a statute that is
> "patently violative of fundamental constitutional
> principles."  *Id*. at 1209.

*Dittman*, 191 F.3d at 1027.

13

established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982).  "A victory in such a suit is a

'victory against the individual defendant, rather than against

the entity that employs him.'" *Cerrato v. San Francisco*

*Community College Dist.*, 26 F.3d 968, 973 (9th Cir. 1994)

(quoting *Graham*, 473 U.S. at 166-67).

### D.  <u>State Law Claims Against Public Entities and the California Tort Claims Act.</u>

Plaintiff brings the following state law claims against

Defendants:  violation of her statutory civil rights under Cal.

Civ. Code § 43 and 52.1, assault, battery, false imprisonment,

trespass, and intentional infliction of emotional distress.  The

California Tort Claims Act governs tort claims against public

entities and their officials.  *See* Cal. Gov. Code § 810 *et seq*.

The California Tort Claims Act ("CTCA") requires plaintiffs to

present a written claim to the public entity allegedly

responsible for their damage before initiating suit on the cause

of action.  Cal. Gov. Code § 945.6.

Under the California Tort Claims Act, no suit for "money or

damages" may be brought against a public entity until a written

claim has been presented to the public entity and the claim

either has been acted upon or is deemed to have been rejected.

*Hart v. Alameda County,* 76 Cal. App. 4th 766, 778 (Cal. Ct. App.

1999).  The CTCA requires a plaintiff to file a timely tort claim

with the public entity; if the claim is not timely, the public

entity may reject the claim.

14

If a claimant fails to timely file a claim with the public entity, and its claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action. *Greyhound Lines, Inc. v. County of Santa Clara*, 187 Cal. App. 3d 480, 487 (1986); *Moyer v. Hook*, 10 Cal. App. 3d 491, 492-3 (Cal. Ct. App. 1970); *Carr v. State of Cal.*, 58 Cal. App. 3d 139, 144-6 (Cal. Ct. App. 1976); *Williams v. Mariposa County Unified Sch. Dist.*, 82 Cal. App. 3d 843, 848-9 (Cal. Ct. App. 1978). For causes of action for death, personal injury, or injury to personal property, a claimant must file a claim within six months of the accrual of the cause of action. Cal. Gov. Code § 911.2.

The CTCA also permits the filing of an application to file a late claim for certain claims: "[w]hen a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim." Cal. Gov. Code § 911.4. The CTCA's six-month limitations period applies to causes of action for death, personal injury, or injury to personal property. *Id.* at § 911.2. If a claimant fails to timely file a petition to file a late claim, courts are without jurisdiction to hear the cause of action.

The overall policy of the claim requirements and time limitations of the California Tort Claims Act are to: (1) "give the governmental entity an opportunity to settle just claims before suit is brought;" (2) "permit the entity to make an early investigation of the facts on which a claim is based, thus

**15**

enabling it to defend itself against unjust claims and to correct the conditions or practices which gave rise to the claim;" and (3) "avoid multiple suits arising out of the same transaction or occurrence and thus further[] the goal of judicial economy." *Greyhound Lines*, 187 Cal. App. 3d at 487 (quoting *Gehman v. Super. Ct.*, 96 Cal. App. 3d 257, 262, 265 (Cal. Ct. App. 1979), disapproved on other grounds by *Dept. of Transportation v. Super. Ct. ("Frost")*, 26 Cal.3d 744, 759 n. 5 (1980)).

## V.   ANALYSIS

### A.   The City Defendants' Motion to Dismiss Plaintiff's § 1983 Claims.

The City Defendants move to dismiss Plaintiff's § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6).  First, the City argues that Plaintiff fails to state a *Monell* claim against the City.  Second, the City argues (a) that Plaintiff's § 1983 claim against Officer Yee should be dismissed for failure to meet pleading requirements for claims alleging lack of probabl cause in obtaining a search warrant; and (b) Officer Garrison should be dismissed based on qualified immunity.  Third, the City argues that Plaintiff fails to state a § 1983 claim because she fails to allege "in specific terms how each named defendant is involved, and how each named Plaintiff has been harmed."  (Doc. 13, Pl.'s Opp. to City 13).

//
//
//

16

1

2

> **1.  Whether Plaintiff states a *Monell* claim against the City.**

The City Defendants argue that Plaintiff fails to state a *Monell* claim against the City.  The City argues that Plaintiff fails to plead the existence of a policy or custom, and that Plaintiff was injured as a result of implementation of that custom.

Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.  *Haugen*, 339 F.3d at 854.  The City, as a local government, is therefore subject to suit under § 1983.  However, local governments can only be sued where the claims arise out of unconstitutional actions by their employees that implement or execute a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers...."  *Monell*, 436 U.S. at 690-1.  Plaintiff here fails to allege that her constitutional rights were violated by the implementation of a policy or custom. Plaintiff argues in her opposition brief only that "[i]t is believed that discovery will support, among others, that the CITY OF FRESNO, had a long-standing practice of negligently training and supervising its officers who were assigned to the MAGEC unit."  (Doc. 17, Pl.'s City Opp. 4).  Because Plaintiff does not allege in her complaint that she was injured by implementation of this purported "long-standing practice," however, her argument fails.[4]

26

---

[4] The City also argues that it cannot be held liable under § 1983 on a *respondeat superior* theory.  The City's argument regarding *respondeat superior* is conceptually indistinguishable

Defendant City's Motion to Dismiss Plaintiff's § 1983 claim against Defendant City is **GRANTED** with leave to amend.

### 2.   Whether Plaintiff's § 1983 Claim Against Defendants Garrison and Yee Should Be Dismissed.

The City Defendants first argue that Plaintiff fails to state a claim against Officer Yee because Plaintiff fails to meet the heightened pleading standard purportedly required for claims under § 1983 based on constitutional torts with a necessary element of wrongful motive, including where the plaintiff alleges lack of probable cause in issuing a search warrant, as here.  The City Defendants also argue Plaintiff fails to state a § 1983 claim against Officer Yee because Plaintiff fails to allege sufficient facts regarding the issuance of the search warrant as required under *Franks v. Delaware*, 438 U.S. 154 (1978).  The City next argues that Plaintiff fails to state a § 1983 claim against Officer Garrison because, based on the facts alleged in the Complaint, he is entitled to qualified immunity.

### (a)   Heightened Pleading Standard.

The City Defendants argue that Plaintiff's § 1983 claim against Officer Yee for obtaining a search warrant without

---

from its argument regarding Plaintiff's failure to plead a proper *Monell* claim and will not be considered separately. *See Monell* 436 U.S. at 691 (noting that although a local government can be held liable for implementation of its official policies or customs, it cannot be held liable for an employee's actions outside the scope of these policies or customs on *respondeat superior* theory).

probable cause should be dismissed because Plaintiff fails to
meet the heightened pleading standard that purportedly applies in
cases in which subjective intent is an element of the
constitutional tort action.  Such actions include those where the
plaintiff alleges the affiant officer obtained the search warrant
without probable cause.  Plaintiff appears to make such an
allegation against Officer Yee.  The City cites *Branch v.
Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991), to support its
argument that the Ninth Circuit "established a heightened
pleading standard for a plaintiff to establish that the Defendant
knowingly or recklessly misled the magistrate" who issued the
search warrant.  (Doc. 13, City's Mem. 7-8).  *Branch v. Tunnell*,
however, has been overruled and is no longer good law.  *Galbraith
v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also
Porter v. Jones*, 319 F.3d 483, 495 (9th Cir. 2003) ("In
*Galbraith*, we overruled *Branch* on the basis of intervening
Supreme Court precedent. [citation] Heightened pleading standards
no longer apply to constitutional claims involving improper
motives."); *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir.
2003).  The City has been previously warned not to mis-cite and
misrepresent the law.

   *Galbraith* held that a heightened pleading standard is not
required for § 1983 claims where the underlying constitutional
tort action involves improper motive, including when a plaintiff
alleges the affiant officer misled the magistrate.  307 F.3d at
1125-6.  The court held that only a short and plain statement
showing that the pleader is entitled to relief is required for
§ 1983 claims, as stated in Federal Rule of Civil Procedure

**19**

8(a)(2).  The only exception is that when fraud or mistake is
alleged, a heightened pleading standard is required Federal Rule
of Civil Procedure 9(b).  *Id.* (citing *Crawford-El v. Britton*, 523
U.S. 574 (1998); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506
(2002)).

The City's Motion to Dismiss Plaintiff's § 1983 claim
against Officer Yee on heightened pleading grounds is **DENIED.**

**(b)   Whether Plaintiff States a § 1983 Claim Against
Officer Yee under *Franks v. Delaware*.**

The City Defendants argue that Plaintiff fails to adequately
state a § 1983 claim against Officer Yee as required by *Franks v.
Delaware*, 438 U.S. 154 (1975).  The City Defendants appear to
confuse this argument with their argument that a heightened
pleading standard is required for claims alleging lack of
probable cause in obtaining a search warrant.

*Franks* requires a plaintiff who is claiming violation of
§ 1983 for unlawful search based on lack of probable cause to
allege facts supporting an allegation of fraud or
misrepresentation by the affiant officer in obtaining the warrant
from the magistrate.  More specifically, *Franks* holds that, where
a substantial preliminary showing is made that "a false statement
knowingly and intentionally, or with reckless disregard for the
truth, was included by the affiant in the warrant affidavit, and
if the allegedly false statement is necessary to the finding of
probable cause, the Fourth Amendment requires that a hearing he
held at the defendant's request."  *Id*. at 155-6.  Although the
issue in *Franks* dealt with circumstances under which an

20

evidentiary hearing may be required and did not directly address the issue of sufficiency of pleading, its holding affects pleading requirements for civil rights actions against officers who are alleged to have obtained a search warrant without probable cause.  The Court found that there is "a presumption of validity with respect to the search warrant," and that therefore, "[t]o mandate an evidentiary hearing, *the challenger's attack must be more than conclusory*...." *Id*. at 171 (emphasis added). Furthermore:

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.

*Id*.

Here, Plaintiff alleges no more than a conclusory statement that the search warrant, issued based on Officer Yee's affidavit, lacked probable cause.  Not only does Plaintiff allege no facts regarding the circumstances surrounding the issuance of the warrant, Plaintiff alleges no fraud or misconduct by Officer Yee. (*See* Doc. 1, Compl. ¶ 19).  Also, Plaintiff's complaint fails to "point out specifically the portion of the warrant affidavit that is claimed to be false," as required by *Franks*.

The City Defendants' Motion to Dismiss Plaintiff's § 1983 claim against Officer Yee for failure to meet pleading requirements under *Franks* is **GRANTED** with leave to amend.

//

//

//

**(c)   Whether Officer Garrison is Entitled to Qualified Immunity.**

The City Defendants next argue that Plaintiff's § 1983 claim against Officer Garrison should be dismissed because Officer Garrison is entitled to qualified immunity based on the facts alleged in Plaintiff's Complaint.   Individuals are not immune under the doctrine of qualified immunity if they violated "clearly established statutory or constitutional rights of which a reasonable person would have known."   *Harlow*, 457 U.S. at 818. The City Defendants argue that the alleged actions of Garrison were reasonable (thus entitling him to qualified immunity) by virtue of the fact that he was acting pursuant to a search warrant issued to investigate gang-related activity.

When considering a Rule 12(b)(6) motion to dismiss, allegations in the pleadings are construed in a light most favorable to the Plaintiff.   Defendant Garrison cannot establish that he has qualified immunity based on Plaintiff's allegations here.   It is not clear from Plaintiff's allegations that Officer Garrison did not violate clearly established constitutional rights or acted reasonably under the totality of the circumstances.   Plaintiff alleges that Garrison (with the other Defendant officers) threatened to shoot Plaintiff (a seventy-five-year-old woman) if she did not open the door; knocked Plaintiff to the floor; trampled and injured her; and then ordered Plaintiff to stand up when she was not able to do so on her own.   These allegations overcome Garrison's claim of qualified immunity because, as alleged, such actions were not //

reasonable under the totality of the circumstances.[5]

Officer Garrison cannot establish qualified immunity based on the facts Plaintiff alleges.  The City's Motion to Dismiss Plaintiff's § 1983 claim against Officer Garrison on the grounds of qualified immunity is **DENIED.**

> ### 3.   Whether Plaintiff Fails to State a § 1983 Claim Against Officers Garrison and Yee because She Fails to Identify the Harm Caused by Each Defendant.

The City Defendants next argue that Plaintiff fails to state a § 1983 claim against Officers Garrison and Yee because she fails to allege in specific terms how each named defendant is involved and precisely how Plaintiff was harmed by each. (Doc. 13, City's Mem. 13).

Fed. R. Civ. P. 8(a)(2) requires that pleadings contain a "short and plain statement of the facts."  While there is no heightened pleading standard for civil rights actions, unless fraud or mistake is alleged (*see* Fed. R. Civ. P. 9(b)), a

---

[5] In support of its argument, the City cites and quotes extensively from a recently-decided United States Supreme Court case, *Muehler v. Mena*, 125 S.Ct. 1465 (2005).  *Muehler* held that officers executing a search warrant seeking weapons and evidence of gang membership acted reasonably in (1) detaining the occupant for 2-3 hours while conducting the search and (2) exercising reasonable force to effect the detention.  *Id.* at 1470.  *Muehler*, however, does not help the City's argument.  *Muehler* did not hold the officers were entitled to qualified immunity at the pleading stage; instead *Muehler* was an appeal from a jury verdict. Furthermore, the *Muehler* court focused on the Defendant officers' detention of the Plaintiff by placing her in handcuffs; there were no allegations or evidence that the Plaintiff was trampled, as is alleged here.

complaint must nevertheless allege sufficient facts from which
notice can be gleaned by each party.  In order to state a claim
for relief under 42 U.S.C. § 1983, Plaintiffs must link each
named Defendant with some affirmative act or omission that
demonstrates a violation of Plaintiff's federal rights.  Although
federal pleading standards are broad, some facts must be alleged
to support claims under § 1983.  *See Leatherman v. Tarrant County
Narcotics Unit*, 507 U.S. 163, 168 (1993).  In short, the
allegations must enable the responding party to frame a response.

Here, Plaintiff has not alleged any facts specific to each
defendant, with the exception of Garrison, whom she alleges
threatened to shoot her if she did not open the door (Compl. ¶ 9)
and ordered her to stand up when she was physically unable to do
so (*id*. at ¶ 13).  Although these allegations are sufficient for
Garrison to frame a response, some of the paragraphs in the
Complaint describing the incident remain ambiguous.  It is not
clear, for example, whether it was Garrison or one of the County
Officers who knocked Plaintiff down.  (Compl. ¶ 11 ("Defendant
R. Garrison, and the named FSO Officcers, then invaded
Plaintiff's residence, with their weapons drawn, knocked
Plaintiff onto the floor, and hurt Plaintiff.")).  In addition,
Plaintiff alleges no facts as to the actions of each of the
individual County Defendants.

Plaintiff's Complaint fails to allege a "short and plain
statement of the facts," as required by Fed. R. Civ. P. 8(a)(2)
and instead makes conclusory allegations with a few facts that
are not all attributable to a particular defendant.  A Plaintiff
must allege some facts to support a claim under § 1983.  The

complaint does not provide sufficient notice and does not enable
each defendant (including the County Defendants) to frame a
response.

The City's motion to dismiss Plaintiff's § 1983 claim
pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that
Plaintiff failed to plead specific acts as to each Defendant is
**GRANTED** with leave to amend.

### B.   Defendants' Motions to Dismiss Plaintiff's State Law Claims.

Plaintiff alleges the following state law claims against all
defendants:  violation of her statutory civil rights under
Cal. Civ. Code § 43 and 52.1, assault, battery, false
imprisonment, trespass, and intentional infliction of emotional
distress.  (Doc. 1, Compl. ¶ 26).  The City Defendants and County
Defendants move to dismiss Plaintiff's state law claims.

The City Defendants move to dismiss the state law claims on
four grounds.  First, the City Defendants argue that Plaintiff's
state law claims against the City should be dismissed because
those claims are based on negligence and no cause of action based
on negligence can be maintained against a public entity, unless a
duty is specifically created by statute.  (Doc. 13, City's Mem.
4-5).  Second, the City Defendants argue that all tort claims
against Officer Yee should be dismissed because Plaintiff failed
to name Yee in her September 3, 2004, Government Tort Claim
against the City pursuant to the California Tort Claims Act
(Cal. Gov. Code § 945.4).  (*Id*. at 5).  Third, the City
Defendants argue that Plaintiff's Government Tort Claim does not

1  address the defective search warrant, and Plaintiff cannot now

2  bring tort claims against Yee that arise out of the allegedly

3  defective warrant.  (*Id.*).  Plaintiff offers no substantive

4  response to these arguments, and argues only that:

5      Plaintiff believes that her Complaint sufficiently states
       the elements of each alleged cause of action, and
6      sufficiently describes the Defendants and the part which
       each defendant played with respect to those causes of
7      action.

8  (Doc. 17, Pl.'s Opp. to City 4).

9      The County Defendants move to dismiss on the sole basis that

10 Plaintiff's state law claims are barred by the California Tort

11 Claims Act (Cal. Gov. Code §§ 905, 905.2, 945.4) for failure to

12 file a timely government tort claim with the County of Fresno.

13 Plaintiff concedes that her state law claims are time-barred as

14 to the County Defendants only.

15

16     **1.   City Defendants' Motion to Dismiss Plaintiff's
             State Law Claims.**

17

18     First, the City Defendants argue that no common law

19 negligence claim can be maintained against a public entity absent

20 a statute establishing a duty.  The California Tort Claims Act

21 governs the liability of state and local governmental entities

22 for tort claims.  *See* Cal. Gov. Code § 810 *et seq*; *see also*

23 *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175,

24 1183 (2003) ("[D]irect tort liability of public entities must be

25 based on a specific statute declaring them to be liable, or at

26 least creating some specific duty of care....").  Section 815 of

27 the California Government Code provides that a public entity is

28 not liable for injury arising out of an act or omission except as

provided by statute.  Plaintiff has not alleged an independent
statutory basis for imposing on the City liability for
Plaintiff's state negligence claims, as required by California
law.  Plaintiff also does not identify any statutory basis in its
brief.

     The City Defendants' Motion to Dismiss Plaintiff's state law
claims as to the City on sovereign immunity grounds is **GRANTED**
with leave to amend.


     Second, the City Defendants argue that all tort claims
against Officer Yee should be dismissed because Plaintiff failed
to name Officer Yee in her Government Tort Claim brought pursuant
to the California Tort Claims Act.  Plaintiff's Government Tort
Claim is attached to her Complaint as Exhibit A.  California law
provides that no suit based in tort may be brought against a
public entity until a written claim has been presented to the
public entity and the claim either has been acted on or rejected.
*Hart*, 76 Cal. App. 4th at 778.  The California Tort Claims Act
further provides that courts are without jurisdiction to hear a
plaintiff's cause of action against a public entity if the
plaintiff failed to timely file a claim pursuant to the Act.
*Greyhound Lines*, 187 Cal. App. 3d at 487.

     Plaintiff filed a timely claim with the City of Fresno
pursuant to this requirement.  However, Officer Yee is not named
in the claim.  Section 910 of the California Government Code
provides the requirements for a claim presented to a local entity
//
//

pursuant to the California Tort Claims Act.[6]  Among the
requirements is to include the "name or names of the public
employee or employees causing injury, damage, or loss, if known."
Cal. Gov. Code § 910(e).  California courts employ two tests to
determine the sufficiency of a claim presented to a governmental
entity.  *City of San Jose v. Super. Ct. of Santa Clara County*, 12
Cal.3d 447, 456-7 (1974).  Where there has been some compliance
with all the required elements, but the compliance has been
defective, courts employ the substantial compliance test.  *Id*. at

---

[6] Section 910 provides:

> A claim shall be presented by the claimant or by a
> person acting on his or her behalf and shall show all
> of the following:

> (a)  The name and post office address of the claimant.
> (b)  The post office address to which the person
>      presenting the claim desires notices to be sent.
> (c)  The date, place, and other circumstances of the
>      occurrence or transaction which gave rise to the
>      claim asserted.
> (d)  A general description of the indebtedness,
>      obligation, injury, damage or loss incurred so far
>      as it may be known at the time of presentation of
>      the claim.
> (e)  The name or names of the public employee or
>      employees causing the injury, damage, or loss, if
>      known.
> (f)  The amount claimed if it totals less than ten
>      thousand dollars ($10,000) as the date of
>      presentation of the claim, including the estimated
>      amount of any prospective injury, damage, or loss,
>      insofar as it may be known at the time of the
>      presentation of the claim, together with the basis
>      of computation of the amount claimed.  If the
>      amount claimed exceeds ten thousand dollars
>      ($10,000), no dollar amount shall be included in
>      the claim.  However, it shall indicate whether the
>      claim would be a limited civil case.

456.  Where there has been a failure to comply entirely with a particular statutory requirement, a more stringent standard is applied.  *Id*. ("'[S]ubstantial compliance cannot be predicated upon no compliance.'") (citing and quoting *Hall v. City of Los Angeles*, 19 Cal.3d 198, 202 (1941)).

The City Defendants do not explicitly argue that Plaintiff here failed to comply with the statutory requirement under Cal. Gov. Code § 910 to name employees.  Moreover, the City Defendants make no argument as to the applicable standard to apply in evaluating the sufficiency of Plaintiff's Government Tort Claim here as it applies to Officer Yee.

However, the statutory requirement regarding naming the involved officials is flexible; it states the employees only need be named "if known."  Cal. Gov. Code § 910(e).  Because Plaintiff complied with Section 910(e)'s requirement to name the known employees involved, the "substantial compliance" standard applies.  The City Defendants cite no authority or cases that allow dismissal of a government tort claim for failure to name each and every individual involved.  Plaintiff's failure to name Officer Yee in her Government Tort Claim is not fatal to her tort claims against Officer Yee.

The City Defendants' Motion to Dismiss Plaintiff's state law claims against Officer Yee on the grounds it is barred by the California Tort Claims Act is **DENIED**.

Third, the City Defendants argue that Plaintiff's state law claims against Officer Yee should be dismissed because Plaintiff's Government Tort Claim does not address the adequacy

1  of the search warrant.  As stated above, California courts employ
2  two tests to determine the sufficiency of a claim presented to a
3  governmental entity.  *City of San Jose*, 12 Cal.3d at 456-7.
4  Defendant Yee has identified no statutory requirement that the
5  tort claim discuss each and every fact related to the claimant's
6  claim.  All that is required by Section 910 is "a general
7  description of the indebtedness, obligation, injury, damage or
8  loss incurred so far as it may be known at the time of
9  presentation of the claim."  Cal. Gov. Code § 910(d).

10       Plaintiff's claim, attached to Plaintiff's Complaint at
11  Exhibit A, contains a page and a half long description of the
12  events that occurred on February 19, 2004, and that gave rise to
13  her cause of action.  She does not explicitly mention the
14  adequacy of the search warrant in that statement.  However, the
15  statutory requirement is that the injury and damage be described
16  "so far as it may be known."  The substantial compliance test
17  applies.  Plaintiff's Government Tort Claim stated facts relating
18  to the search of a resident allegedly conducted by members of a
19  M.A.G.E.C. unit.  While Plaintiff did not explicitly refer to a
20  search warrant, the allegations were sufficient to put the City
21  on notice that the issues of probable cause in issuing the search
22  warrant and justification for the search are contested.

23       The City Defendants' Motion to Dismiss Plaintiff's state law
24  claims against Officer Yee on the grounds that Plaintiff's
25  Government Tort Claim failed to explicitly address the adequacy
26  of the search warrant is **DENIED**.

27

28       Fourth, the City Defendants argue that Plaintiff failed to

plead the required elements of all state law causes of action. Plaintiff's state law claims are stated in a single sentence in her complaint:

> The aforementioned actions violate Plaintiff's statutory rights, pursuant to Civil Code sections 43 and 52.1 and constitute assault, battery, false imprisonment, trespass, and intentional infliction of emotional distress.

(Doc. 1, Compl. ¶ 26).  Plaintiff does not separate these claims into separate causes of action.  Fed. R. Civ. P. 8(a)(2) requires a short and plain statement of the facts.  The general principles of notice pleading require that the complaint sufficiently allege facts to enable the responding party to frame a response. Plaintiff's single sentence addressing about five or six state law causes of action fails to meet basic notice pleading standards.  Plaintiff must allege each state law claim in a separately pleaded claim.

The City's Motion to Dismiss Plaintiff's state law claims on the grounds Plaintiff failed to meet basic notice pleading requirements is **GRANTED** with leave to amend.


### 2.    County Defendants' Motion to Dismiss Plaintiff's State Law Claims.

The County Defendants argue that Plaintiff's state law claims against all County Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to file a government tort claim with Fresno County and Plaintiff's state law claims are therefore barred by the California Tort Claims Act.  As discussed above, the California Tort Claims Act requires a plaintiff to file a timely tort claim with the public entity

31

before bringing suit in the proper court.  Cal. Gov. Code §

945.6.  If a claimant fails to timely file with the public

entity, courts are without jurisdiction to hear the claimant's

cause of action.  *Greyhound Lines*, 187 Cal. App. 3d at 487.  In

its opposition, Plaintiff concedes that her state law claims,

against the County Defendants only, are barred by the California

Tort Claims Act.  (Doc. 18, Pl.'s Opp. to County 2).

The County Defendants' Motion to Dismiss Plaintiff's state

law claims against the County Defendants on the basis that they

are barred by the California Tort Claims Act is **GRANTED** with

prejudice.

## VI.   <u>CONCLUSION</u>

For all the reasons stated herein:

The City Defendants' Motion to Dismiss Plaintiff's § 1983

claim against the City pursuant to Fed. R. Civ. P. 12(b)(6)

for failure to state a *Monell* claim is **GRANTED** with leave to

amend;

The City Defendants' request to strike punitive damages as

to the § 1983 claim against the City is **MOOT,** but shall not

be realleged;

The City Defendants' Motion to Dismiss Plaintiff's § 1983

claim against Officer Yee pursuant to Fed. R. Civ. P.

12(b)(6) on the grounds that Plaintiff fails to meet

pleading standards under *Franks v. Delaware*, 438 U.S. 154 (1975), is **GRANTED** with leave to amend; the City Defendants' Motion to Dismiss Plaintiff's § 1983 claim against Officers Garrison and Yee on the grounds that Plaintiff fails to plead specific acts as to each Defendant is **GRANTED** with leave to amend; the City Defendants' Motion to Dismiss Plaintiffs' § 1983 claims against Officers Garrison and Yee on all other grounds is **DENIED;**

The City's Motion to Dismiss Plaintiff's state law claims against the City on sovereign immunity grounds is **GRANTED** with leave to amend; the City Defendants' Motion to Dismiss Plaintiff's state law claims against Officers Garrison and Yee on the grounds that Plaintiff fails to meet basic notice pleading requirements under Fed. R. Civ. P. 8(a) is **GRANTED** with leave to amend; the City Defendants' Motion to Dismiss Plaintiff's state law claims on all other grounds is **DENIED;**

The County Defendants' Motion to Dismiss Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the claims are barred by the California Tort Claims Act is **GRANTED** with prejudice;

The Defendants' Motions for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) regarding Plaintiff's Cal. Civ. Code. § 43 are **MOOT.**

33

1   SO ORDERED.

2

3   DATED: June _7__, 2005.

4                                           /s/ OLIVER W. WANGER

5                                       _____
                                            Oliver W. Wanger
6                                       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28