**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZELLA MAYE FREEMAN,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF FRESNO, R. GARRISON (F.P.D. Badge No. 780), MARK A. YEE (F.P.D. Badge No. 692), J. CAPRIOLA (F.S.O. Badge No. 7622), I. BARRIMOND (F.S.O. Badge No. 1153), J. HOLLINS (F.S.O. Badge No. 2346), R. PEREZ (F.S.O. Badge No. 6169), A. SIMONSON (F.S.O. Badge No. 9364), inclusive,<br><br>             Defendants. | 1:05-CV-00328 OWW SMS<br><br>**MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR HEARING REGARDING PROBABLE CAUSE** |

### 1.   INTRODUCTION

Plaintiff Zella Maye Freeman ("Freeman") moves for a hearing "regarding probable cause for issuance of a search warrant."[1] Defendants oppose.

### 2.   PROCEDURAL BACKGROUND

Freeman filed her complaint on March 8, 2005. (Doc. 1, Complaint.) After an order was issued granting in part and denying in part Defendants' motion to dismiss on June 8, 2005,

---

[1] This motion is not typically brought in a civil proceeding but rather in criminal proceedings. The issue in this motion is more properly addressed on the merits on a motion for summary judgment.

**1**

Freeman filed a first amended complaint. (Doc. 24, First Amended Complaint ("FAC"), Filed June 28, 2005.) On July 7, 2005 Defendants J. Capriola ("Capriola"), I. Barrimond ("Barrimond"), R. Perez ("Perez"), and A. Simonson ("Simonson") filed an answer to Freeman's FAC. (Doc. 25, Answer to Amended Complaint by Capriola, Barrimond, Perez, and Simonson.) On July 27, 2005 Defendants City of Fresno, Mark A. Yee ("Yee"), and R. Garrison ("Garrison") also filed an answer to Freeman's FAC. (Doc. 26, Answer to Amended Complaint and Demand for Jury Trial by City of Fresno, Yee, and Garrison.) Freeman then filed a "motion for probable cause hearing regarding search warrant." (Doc. 50, Motion for Hearing, Filed June 30, 2006.) Defendants filed an opposition to Freeman's motion for probable cause on July 14, 2006. (Doc. 55, Memorandum in Opposition re Motion for Probable Cause "Opposition".)

### 3. **FACTUAL HISTORY**

**A.  Background of Case**

Freeman alleges that on February 19, 2004, at around noon, City of Fresno and Fresno County peace officers, who were members of the Multi-Agency Gang Enforcement Consortium ("M.A.G.E.C.") unit, "demanded entry into [her] residence, threatening to shoot [her] if [she] did not open the door." (Doc. 24, FAC). Freeman was babysitting three children, all under five years of age, at the time. Freeman alleges she suffered injuries, both physical and mental, as a result of the invasion. She alleges the course of events as follows:

> 1.  Defendants came to Plaintiff's front door demanded entry into Plaintiff's residence, and threatened to shoot

      Plaintiff if she did not open the door quickly enough.

2. After moving the minor children away from the door, Plaintiff opened the door under great physical, emotional, and mental duress.

3. Defendants without Freeman's permission then invaded her residence, with their weapons drawn. Garrison violently knocked Freeman onto the floor and Garrison, Perez, and Simonson trampled upon her person.

4. Freeman was extremely concerned about the safety of the minor children in her care.

5. Garrison , in callous disregard of the injuries Freeman sustained, ordered her to quickly stand up, under threat of force. Freeman was unable to stand up on her own.

6. Defendants searched Plaintiff's residence, detained her under threat of force and seized Plaintiff's son's locked safe, as well as Plaintiff's registered .32 caliber handgun, which she lawfully owned.

7. Defendants did not show Freeman a search warrant pertaining to said search of her residence.

8. At the time of the above-mentioned acts, Defendant City of Fresno, had a policy and custom of negligently hiring, training, and supervisiong it's officers who were assigned to work as part of, and in support of, the M.A.G.E.C. unit.

9. On August 17, 2004, Plaintiff submitted a Claim for Damages, which claims was denied by Defendant City of Fresno, as "insufficient" with leave to amend. Thereafter, on September 7, 2004 Plaintiff presented an Amended Claim for Damages for an "Unlimited" amount to Defendant City of Fresno. (Doc. 24, Exhibit A.)  On September 9, 2004, Defendant City of Fresno, rejected Plaintiff's amended claim in its entirety and advised Plaintiff that she

**3**

          had six months within which to file a lawsuit.

(Doc. 24, FAC.).

### B.   Freeman's Request for Hearing on Probable Cause

On June 30, 2006, Freeman moved for a Hearing to determine whether probable cause existed for the issuance of the underlying search warrant in this case. (Doc. 50, Motion for Hearing.) Plaintiff alleges that Detective Yee's affidavit[2] dated February 17, 2004 in support of the warrant does not contain sufficient facts to establish the finding of probable cause that would justify a "crisis entry" search of Freeman's residence. (*Id.*) Freeman's attorney provided a declaration stating that the facts in the affidavit are insufficient to establish probable cause. (*Id.*, Declaration Wesley E. Stupar.)

### 4.   DISCUSSION

Freeman moves for a hearing to determine whether probable cause existed for the issuance of the underlying search warrant in this case. Freeman alleges that Detective Yee's affidavit dated February 17, 2004 in support of the warrant does not contain sufficient facts to establish the finding of probable cause that would justify a "crisis entry" search of Freeman's residence. Freeman does not provide the court with a copy of the affidavit. Freeman only includes a declaration from her attorney concluding that the facts in the affidavit are insufficient to establish probable cause. Further, Freeman argues that she is entitled to an evidentiary hearing to challenge the validity of

---

[2] A copy of Yee's affidavit was not provided and is no where found in the record.

**4**

the search warrant.[3]

Federal Rule of Civil Procedure 56(c) provides for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lessard v. Applied Risk Mgmt.,* 307 F.3d 1020, 1023 (9th Cir. 2002); *see also Williams v. County of Santa Barbara,* 272 F.Supp. 2d 995, 1003-1004 (C.D. 2003)(internal quotations omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Fairbank v. Johnson,* 212 F.3d 528, 531 (9th Cir. 2000); *see also Williams,* 272 F.Supp. 2d at 1004. A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* The burden then shifts to the non moving party to establish beyond the pleadings that there is a genuine issue for trial. *Id.*

It is unclear whether Freeman's attorney mistakenly intended to file this motion that applies in a criminal case. The issue of the accuracy and sufficiency of the affidavit to establish probable cause for the underlying arrest warrant raises mixed

---

[3] Freeman cites to *Franks v. Delaware,* 438 U.S. 154 (1978), a criminal case, for the proposition that she is entitled to an evidentiary hearing to challenge the validity of the search warrant. *Franks* does not apply to this civil proceeding as it involves a criminal proceeding where the Fourth Amendment requires that a hearing be held to challenge the truthfulness of factual statements made in the affidavit where there is a showing that the affidavit was based on falsity or bad faith omissions of relevant information. *Franks v. Delaware,* 438 U.S. at 155-156.

questions of fact and law.  In this civil action nothing prevented Plaintiff from deposing affiant about the affidavit. Freeman bears the burden of showing that there is no issue of material fact as to the existence of probable cause based on the underlying affidavit.  Discovery is closed in this case. Plaintiff offers no explanation for failing to conduct the necessary discovery.

### 5. CONCLUSION

This motion for a hearing to determine probable cause for the arrest warrant is **DENIED**.

**SO ORDERED**

Dated: August 30, 2006           /s/ OLIVER W. WANGER

**OLIVER W. WANGER**
**United States District Judge**