1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10  ZELLA MAYE FREEMAN,                1:05-cv-00328-OWW-SMS

11            Plaintiff,

12  vs.                           **ORDER VACATING PLAINTIFF'S**
                                  **NOTICED MOTION TO COMPEL**
13  CITY OF FRESNO, R. GARRISON   (Docs. 49, 73)
    (F.P.D. Badge No. 780), MARK
14  A. YEE (F.P.D. Badge No. 692),
    J. CAPRIOLA (F.S.O. Badge No.
15  7622), I. BARRIMOND (F.S.O.
    Badge No. 1153), J. HOLLINS
16  (F.S.O. Badge No. 2346), R.
    PEREZ (F.S.O. Badge No. 6169),
17  A. SIMONSON (F.S.O. Badge No.
    9364), et al.,
18
19            Defendants.
    _____/

20

21        Plaintiff's Re-Notice of Hearing on Motion to Compel Re:

22  Departmental Transfer, hand filed on September 11, 2006 (Doc.

23  73), is hereby ORDERED VACATED and OFF CALENDAR, without

24  prejudice, for the following reasons:

25        1.   Pursuant to the Court's Local Rules and, specifically

26  Local Rule 5-133(a), effective January 3, 2005, available on the

27  court's web site, "...attorneys **shall** file all documents

28  electronically..."  (Emphasis added)  Despite the fact counsel

                                   1

apparently served the re-noticed motion by facsimile, it was not actually hand filed with the court until September 11, 2006.  The hearing date set by counsel, then, would be one (1) week too early pursuant to Local Rule 78-230, even regardless of the following;

2.    Instead of setting an order to show cause (OSC) hearing regarding plaintiff's counsel's disregard for the requirement to utilize electronic filing, the Court is deeming this motion OFF CALENDAR without prejudice to appropriately re-noticing it **after** ruling(s) on the motion for summary judgment, currently set to be heard before the Honorable Oliver W. Wanger on October 23, 2006;

3.    Inasmuch as the parties stipulated to an extended date of September 18, 2006, by which plaintiff's opposition to defendant's motion for summary judgment was due to be filed, the motion to compel will not only draw off the resources of all counsel from preparation for the summary judgment motion but also may be rendered moot by the rulings of the Court; and,

4.    Finally, this Court finds that the delay in getting this motion appropriately before the court in sufficient time for ruling before the summary judgment motion was due entirely to plaintiff's counsel's error in originally filing and setting the motion before the Honorable Oliver Wanger rather than the undersigned magistrate judge assigned to the case and charged with the task of ruling upon any and all non-dispositive discovery matters.  By Minute Order of July 31, 2006 (Doc. 58), plaintiff's motion to compel was vacated with the admonition that the matter be properly noticed before Magistrate Judge Snyder. The motion was not re-noticed for six (6) weeks.

**Note**: If plaintiff's counsel does re-file the motion, this Court is not, by virtue of this order, ruling on the timeliness of said motion nor is it to be implied that the Court is granting plaintiff permission to file the motion beyond the cut-off deadline.

IT IS SO ORDERED.

**Dated:    September 15, 2006            /s/ Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE