**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZELLA MAYE FREEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, R. GARRISON, MARK A. YEE, J. CAPRIOLA, I. BARRIMOND, J. HOLLINS, R. PEREZ, A. SIMONSON, inclusive,<br><br>　　　　　Defendants. | 1:05-CV-0328 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

### 1. <u>INTRODUCTION</u>

Defendants bring a motion for reconsideration of a denial of summary judgment as to Defendant Ian Barrimond ("Sergeant Barrimond"). A hearing on the motion for summary judgment was held on October 24, 2006. An order on the motion was issued on December 26, 2006. (Doc. 105, Memorandum Decision and Order Granting in Part, Denying in Part Defendants' Motion for Summary Judgment.) The underlying case involves Plaintiff Zella Maye Freeman's ("Freeman") allegations that Defendants were unreasonable in executing a valid search warrant in her home in violation of her Fourth Amendment rights.

### 2. <u>PROCEDURAL BACKGROUND</u>

On January 29, 2007 Defendants filed a motion for

reconsideration of the court's December 26, 2007 order on Defendants motion for summary judgment.  (Doc. 119-1, Defendants' Motion for Reconsideration.)  On February 16, 2007 Plaintiff opposed the motion.  (Doc. 120-1, Opposition.)  On February 23, 2007 Defendants replied to Plaintiff's opposition.  (Doc. 122, Defendants' Reply.)

### 3.  **STANDARD OF REVIEW**

"A motion for reconsideration of summary judgment is appropriately brought under Rule 59(e)." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  A motion for reconsideration is appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, (3) if there was an intervening change in controlling law. *See School District No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A reconsideration motion should not merely present arguments previously raised, or which could have been raised in the initial summary judgment motion. *See Backlund*, 778 F.2d at 1388 ("The motion was properly denied here because . . . it presented no arguments that had not already been raised in opposition to summary judgment."); *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997)[1] ("[M]otions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented... Nor is a motion to reconsider

---

[1] The underlying decision on the merits, *United States v. Navarro*, 959 F. Supp. 1253 (E.D. Cal. 1997), was reversed by *United States v. Navarro*, 160 F.3d 1254 (9th Cir. 1998), *cert. denied* 119 S. Ct. 2354, 144 L. Ed. 2d 249 (1999).  This reversal did not affect the district court's denial of reconsideration.

**2**

justified on the basis of new evidence which could have been discovered prior to the court's ruling....Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.").

## 4.  DISCUSSION

**A.  A Genuine Issue of Material Fact Exists As to Sergeant Barrimond's Reasonableness in Giving the Command to Enter Freeman's House.**

Defendants argue that there is no genuine issue of material fact regarding the reasonableness of Sergeant Barrimond's conduct in executing the warrant under the doctrine of qualified immunity.  In analyzing qualified immunity under the Fourth Amendment, a court must first ask whether a constitutional violation occurred at all.  If the answer to this question is yes, the court must then inquire whether the right violated was "clearly established" by asking whether a reasonable officer could believe that the defendant's actions were lawful.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The traditional summary judgment approach should be used in analyzing the first step of the *Saucier* analysis:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Where the facts are disputed, their resolution and determinations of credibility are manifestly the province of a jury.

*Wall v. County of Orange*, 364 F.3d 1107, 1110 (9th Cir. 2004) (internal citations and quotations omitted). After this initial inquiry, the court must then ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation

**3**

confronted.  Where the reasonableness of the officer's belief that his conduct was lawful depends on the resolution of disputed issues of fact... summary judgment is not appropriate." *Wilkins v. City of Oakland*, 350 F. 3d 949, 956 (9th Cir. 2003).

Defendants argue that based on the undisputed facts in this case, Plaintiff has not presented sufficient evidence to establish an essential element of her case against Sergeant Barrimond.  However, on Defendants' motion for summary judgment, the burden is not on Plaintiff to present evidence to establish an essential element of the case.  The burden is on Defendants to show that there is no genuine dispute as to the facts in the case.  Fed. R. Civ. P. 56(c).

Defendants further argued that there is no genuine issue of fact that Plaintiff suffered a constitutional harm by Sergeant Barrimond's command to enter the residence in execution of the valid search warrant.  In support of their argument, Defendants point out that the court noted the officers were in the middle of gang territory, were waiting for a lengthy period of time before the door was open, that Plaintiff questioned the officers' presence, and that Sergeant Barrimond gave a reasonable command to enter the residence.  Defendants argue, as they did in their motion for summary judgment, that Sergeant Barrimond's command does not in any way make the service of the search warrant unreasonable.

However, a factual dispute exists as to the circumstances surrounding the entrance to Plaintiff's home that determines the reasonableness of Sergeant Barrimond's decision to enter.  At the October 24, 2006 hearing on the motion for summary judgment

**4**

Defendants argued that Plaintiff refused to open the outer door of her home to Officers and questioned the presence of police at her doorstep. Defendants further argued that, given the length of time the Officers waited, the rushed entry once Plaintiff opened the outer door was reasonable. However, Plaintiff provided a different factual account. Plaintiff claimed that the Officers threatened to shoot her if she did not open the door. Plaintiff further stated that she had difficulty opening the door because she suffers from carpal tunnel syndrome and was struggling with the lock as a result. Based on Plaintiff's allegations, it could be inferred that the officers were not waiting very long. Plaintiff contends she was endeavoring to open the door and that the officers ignored her efforts by threatening to shoot her. A court's role on summary judgment is not to weigh evidence or resolve issues; rather it is to determine whether there is a genuine issue for trial. *See, Abdul-Jabbar v. G.M. Corp.*, 85 F.3d 407, 410 (9th Cir. 1996).

At the April 2, 2007 hearing on this motion for reconsideration, several facts were clarified that bear on the previous order to retain Barrimond in this litigation. Contrary to the court's initial belief, no battering ram was used to enter the residence. The officers did not break the door down upon entry. Upon execution of the search warrant, Sergeant Barrimond was not the officer who threatened to shoot Freeman. Sergeant Barrimond did not touch Freeman upon entry and had no other contact with her. However, Sergeant Barrimond did give the command "let's go" and directed his team to enter the residence. The reasonableness of this command depends on resolution of the

factual dispute between Plaintiff and Defendants.  Defendants argue that Plaintiff was taking too long to open the door and that a quick entry was necessary.  Plaintiff argues that due to her carpal tunnel condition, she was unable to quickly open the door, she communicated this information to the officers, and the officers, nonetheless, conducted a forced entry, which she claims was unnecessary as she sought to cooperate.  Such facts, viewed in the light most favorable to the non moving party, create a triable issue of material fact as to Defendant Barrimond's reasonableness.

### 5. CONCLUSION

Defendants' motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

**Dated:   May 3, 2007**                       /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE